## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

INFINITY AUTO INSURANCE
COMPANY,

      Plaintiff,

      v.

JOSEPH WHIGHAM and ROBERT
WHIGHAM,

      Defendants.

CV 113-214

## O R D E R

Presently before the Court is Plaintiff Infinity Auto Insurance Company's ("Infinity") Motion to Disburse Funds in the Registry of Court. (Doc. 64.) On March 20, 2015, this Court granted Infinity's Motion for Summary and held the policy it issued to Defendant Robert Whigham void *ab initio* because Mr. Whigham procured it through misrepresentation when he failed to disclose that his son, Joseph Whigham, was a resident of his household. (Doc. 59.) In that Order, the Court also directed the parties to file either supplemental briefs or a consent order addressing what portion of the tendered premiums, currently on deposit with the Registry of Court, should be refunded to the insured in light of the allegation in Infinity's Complaint that it may be entitled to some amount "earned . . . because of the requirement that it provide compulsory vehicle insurance." (Id. at 26; Compl., Doc. 1, ¶ 35.)

In the instant motion, Infinity moves the Court to disburse "the full amount of the funds held in the registry of court in relation to this matter" (Doc. 64 at 1), but later requests that the Court disburse "the total amount of funds . . . plus all accrued interest, minus any statutory users [sic] fees" (id. at 2). Infinity does not, however, provide the Court with any calculation of these "statutory user[] fees," nor any legal authority to support that it is entitled to such fees in the first place. Infinity then concludes with a statement that it "does not seek the return of any portion of the premium." (Id.)

Given Infinity's conflicting requests, in abundance of caution the Court **DIRECTS** Infinity to clarify **WITHIN SEVEN DAYS** of the date of this Order whether it seeks to retain any amount of the funds currently on deposit with the Registry of Court for "statutory user[] fees" or premiums "earned" because of compulsory vehicle insurance requirements.

The Court further **DIRECTS** Mr. Whigham to provide the Court **WITHIN SEVEN DAYS** of the date of this Order written instructions as to whom and where the interpleaded funds shall be sent.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of April, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2